CASE 82.—ACTION BY E. E. LYNN AGAINST T. E. MOSS
ON A CONTRACT OF EMPLOYMENT AS AN AT-
TORNEY-AT-LAW.—May 3, 1901.

## Lynn v. Moss.

Appeal from McCracken Circuit Court.

Judgment for defendant and plaintiff appeals.—
Affirmed.

Contracts—Champerty and Maintenance.—A contract by a per-
son who is of no relationship to parties who desire to con-
test a will with an attorney to share his fee in case of suc-
cess in consideration of his procuring the attorney to be
employed and assisting him in looking up witnesses, is il-
legal and prohibited by the statute against champerty and
maintenance.  While an attorney may be liable on a contract
for assistance rendered him in preparing or attending to a
case, such contract which is contingent on success will not
be enforced.

WHEELER & NORTON and E. W. HINES for appellant.

BISHOP & HARDWICK for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirm-
ing.

This suit was brought by appellant upon an alleged contract with appellee, whereby appellant agreed and undertook to procure appellee's employment as an attorney at law to represent certain litigants in a contest of a will in McCracken Circuit Court. It is alleged in the petition that the plaintiff, being an intimate acquaintance and friend of a poor widow and her two infant children who were interested in an estate disposed of to others by a will of the children's deceased grandfather, undertook at the request of appellee to secure his employment as their attorney in contemplated proceedings contesting the will; that as a result appellee was employed under contract to receive a sum equal to one-third of the estate recovered for his clients. That appellant was to render services in looking up witnesses, going errands, and being in general a factotum in connection with the working up of the case, including the furnishing of means to pay expenses of witnesses, etc. He alleges, that he was to receive for these services,by agreement with appellee, one-half of appellee's fee; that as a result of the employment and of the services rendered by appellant, the will was rejected by the jury and courts and appellee's clients received some $18,000.00 in property, one-third of which has been conveyed to appellee; that appellee has paid appellant only about $1,025.00 of his half of his fee, and he sues for the balance.

A demurrer was sustained to this petition.

The amendment tendered averred that the pleader had mistated the plaintiff's cause of action in the original petition: That in fact and in truth the arrangement was that appellant's good friends, the disinherited, being without means or prestige and the adverse will having been set up by orders of the

county court admitting it to probate, and the limitation for an appeal having nearly run, and a further fact making it necessary that prompt and decisive action be immediately taken by the disappointed members of the family, viz: The alleged fact that the estate was being rapidly and surely squandered in an exparte dissipation of its assets; all being pressingly in mind, his friends aforesaid employed him to select and employ a lawyer, preferably appellee, and to assist that lawyer by aiding him in hunting out witnesses, going his errands and defraying certain necessary expenses, for all which they agreed to pay one-third, or a sum equal to. one-third of the estate recovered. He then alleges that so armed with authority he did employ appellee and agreed to give him one-half of the above compensation for his services; but that it was agreed between them that upon the recovery mentioned in the petition, for sake of appearance and facility in having the agreement executed through the court, the allowance was to be made in the name of appellee, which was done, and that appellee having collected the whole of the $6,000.00 fee refused to divide with appellant further than to pay him about $1,025.00. He described the property received by appellee in payment of his fee, and sought to be decreed a lien thereon for $1,925.00, interest and costs.

The court sustained an objection to the filing of the amendment. Appellant declining to plead further, his petition was dismissed and he prosecutes this appeal asserting the following grounds for a reversal of the judgment:

1st. Appellee cannot withhold the money he received to appellant's use, even though the contract for which the money arose was illegal.

2nd.   Champerty is the only form of maintenance which the Statute forbids, and a contract to pay a sum equal to a certain proportion of the sum received is not within the Statute.

3rd.   A contract to assist another in a suit is not against the law denouncing acts of maintenance under the common law, it being argued for appellant that that branch of the law of maintenance has ceased to exist.

It will be observed that appellant does not state that he had license to practice law, and therefore we must assume that he did not have.

Appellant without pretense of relationship or of original interest in the controversy, undertakes the prosecution of the appeal, and to furnish such evidence as he could learn of, for a stipulated consideration, in fact, in every essential for a part of the thing to be put in controversy by the suit.  The act and contract clearly constituted what would have been maintenance, and perhaps champerty, at the common law. It is earnestly argued here for appellant, however, that the common law relating to maintenance wherein it is not incorporated in our Statute, has ceased to exist in Kentucky.  We are cited opinions of some courts, where it has been held, that owing to their long disuse, and the great change of conditions since the time when it was found necessary to apply the harsh doctrines of the law against maintenance, the acts then denounced are no longer illegal, and such, is said to be the trend of the decisions in the States in modern times.  Even were we inclined to follow sister jurisdictions in this departure, we must first find at least the same reasons they urge for doing so.

For, notwithstanding our Statute on the subject of Champerty and Maintenance and now in force

(Sec. 209 Ky. Statutes) and which was first enacted
in its present form about 1854, we have recently held
that the ancient rule of common law against mainten-
ance was yet in force in Kentucky, and so applied it.
We refer to the case of Lucas v. Allen, 80 Ky., 682.
There one Lucas, a layman, professing to have cer-
tain knowledge beneficial to the tax payers of a city
in a suit to recover taxes illegally collected of them,
agreed to and did furnish certain attorneys informa-
tion and aided them in the prosecution of the suit,
for which he claimed by contract one-half of their fee
of some $18,000.00. Lucas was an employee of the
city. We then held that his contract was void on two
grounds: ᾽

1st. "It was against public policy, having an appar-
ent tendency to corrupt, bias, tempt or draw away
public officials from the honest discharge of their du-
ties as void, because in contravention of public poli-
cy."

2nd. It was expressly held: "This contract in an-
other respect is illegal. It partakes of maintenance
in its worst form. (Brown v. Beauchamp, 5 Mon.,
413.) Although the agreement was before suit brought
yet the agreement was followed, after its institution by
the acts of Lucas in the upholding and assisting the
Allens and their clients in the suit against the city."

The opinion in this case also furnishes the answer
to the proposition that notwithstanding the original
contract was void, having been executed, appellee
should not now be allowed to withhold appellant's
part of it. The same argument was made in that
case. (Lucas v. Allen) and the same line of authori-
ties relied on to sustain it. Said the Court:

"And we cannot countenance the claim that it is an accomplished fact, and that, therefore, the pro-, ceeds of the illegal undertaking and maintenance of the suit ought to be divided."

It is further argued for appellant that he is shown, by the averments of the amended petition to have contracted merely for his personal services, in going errands, in locating witnesses, discovering evidence, and as agent for the contesting heirs, helping them to manage their business. We do not decide that one may not employ a non-professional to assist him in doing what the litigant himself might properly do out of court concerning his litigation. In Lutkenhoff v. Lutkenhoff, 13 Law Rep., 584, such a contract was allowed. But it should at least be an employment of the agent for his services without making him personally interested in the result of the litigation. If the facts show that in reality the origin of the litigation is the result of the agent's interferences and intermeddling; that his "agency" is but another and milder name for "champertor;" that he is to, if successful in his enterprise, receive a part of the thing in litigation, and nothing if not successful, the arrangement bears every objectionable feature of simple maintenance; is contrary to public policy, and has been constantly denounced in this State as illegal. True, here the agent claims to have contracted "for a sum equal to one-third of that recovered," and in this way he seeks to avoid the effect of the real transaction. This we regard as an evasion of the spirit and intent of the Statute. If the facts show, as we think they do in this case, the elements of maintenance of champerty, the form of contract adopted by the champertor to defeat the effect of the law should be and will be disregarded, the substance and intent

of the contract being allowed to prevail over its form.

In Lyon v. Hussey, 82 Hun. (N. Y.) 15, the Court, in holding a contract to furnish evidence to establish the claim of one of the parties to an action about to be commenced, against public policy and not enforcible, said:

"The mere statement of the proposition seems to show that such contract could never be recognized in a court of justice."

Whether the attorney actually engaged in such an enterprise as is stated in the petition, from the nature of this case the record cannot disclose.

The judgment dismissing appellant's petition is affirmed.

The whole court considered this case.

JUDGES GUFFY AND DuRELLE dissent.